IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SAMUEL LOUIS BLATNICK,<br><br>Plaintiff,<br><br>v.<br><br>LAIRD NOLLER AUTOMOTIVE, INC., and MCCARTHY AUTO GROUP OF LAWRENCE, INC. d/b/a MCCARTHY HYUNDAI OF LAWRENCE,<br><br>Defendants. | ) | Case No. 2:26-cv-02480-KHV-RES |

**MEMORANDUM IN SUPPORT OF DEFENDANT LAIRD NOLLER AUTOMOTIVE, INC.'S MOTION TO PARTIALLY DISMISS CLAIMS**

Defendant Laird Noller Automotive, Inc. ("Laird Noller") submits this memorandum in support of its Motion to Partially Dismiss Claims (Doc. 6).

## INTRODUCTION

This case concerns a used-car purchase, not a racketeering enterprise. Plaintiff Samuel Louis Blatnick alleges that he saw a 2022 Jeep Compass advertised for $19,999 at Laird Noller's dealership in Lawrence, Kansas and that the dealership disclosed a $1,299 service package after he arrived at the dealership and required that package as a condition of sale. He further alleges that he objected, negotiated a lower add-on price, and bought the Jeep anyway. Plaintiff now claims the alleged omission of the service package from the online listing is a federal RICO claim.

Even accepting the well-pleaded allegations as true, Count III in Plaintiff's First Amended Petition fails as a matter of law. The alleged enterprise is Laird Noller and the salesperson who sold Laird Noller's vehicle. That is a corporation conducting its own business through its employee, not a distinct RICO enterprise. Plaintiff also lists "emails, telephone calls and website

posts" without identifying which email or call was fraudulent, much less two indictable acts pleaded with particularity. And one customer's purchase of one Jeep in one completed transaction does not show the continuity RICO requires.

The remaining allegations do not fill those gaps. An industry warning issued by the FTC, an online review, and an overheard conversation are not RICO predicates. Nor do they turn this finite retail dispute into long-term criminal activity. RICO does not federalize every alleged fraud. It requires a distinct enterprise, particular criminal predicates, and continuity. Count III alleges none of them.

## STATEMENT OF FACTS

For this Motion, Laird Noller treats the First Amended Petition's well-pleaded factual allegations as true. It does not concede them – and disputes them – but a Rule 12(b)(6) motion tests the pleading, so the allegations are summarized here. Plaintiff alleges that during the first week of November 2025, he saw Laird Noller's 2022 Jeep Compass advertised on Cars.com and Laird Noller's website for $19,999. (Doc. 1-1 at ¶ 24.) After a test drive, Laird Noller provided a quotation that included a $1,299 service package. (*Id.* at ¶ 28.) Plaintiff objected and was allegedly told the package was required. (*Id.* at ¶ 29.) He then bought the vehicle because he had traveled to Lawrence and needed to deliver it to his daughter. (*Id.* at ¶¶ 32-35.)

Plaintiff alleges that the package was not disclosed in the online listings and that Laird Noller used the advertised price to induce him to travel to the dealership. (Doc. 1-1 at ¶¶ 30-32, 38.) The pleading also references a June 2025 online review, a March 2026 FTC warning sent to multiple dealership groups, and an unidentified young couple whom Plaintiff allegedly overheard at the dealership. (*Id.* at ¶¶ 40-42, 50.) Plaintiff further alleges, on information and belief, that

Laird Noller continues similar practices at other locations. (*Id.* at ¶ 75.) He supplies no transaction, customer, date, communication, or participant supporting that assertion.

Count III alleges that Laird Noller operated the dealership as an "unlawful front" and used "the mails and wires," including "fraudulent emails, telephone calls and website posts" directed to Plaintiff. (Doc. 1-1 at ¶¶ 67-74.) It defines the alleged enterprise as "Laird Noller and its subject sales representative, including the man of apparent Indian descent who sold the subject vehicle," who allegedly cooperated to engage in unlawful conduct. (*Id.* at ¶ 77.) Count III seeks treble damages, fees, and an injunction. (*Id.* at ¶¶ 76, 78.) The First Amended Petition does not identify which subsection of § 1962 of RICO Laird Noller allegedly violated.

The First Amended Petition also alleges that Laird Noller sold the subject dealership in April 2026 and that the successor "does not engage in the deceptive practice at issue in this Action." (Doc. 1-1 at ¶ 42.) Plaintiff does not allege that he plans to purchase from Laird Noller again or that he faces another transaction involving the challenged package.

## ARGUMENTS AND AUTHORITIES

### A. STANDARD OF REVIEW

To survive Rule 12(b)(6), a complaint must contain enough factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court accepts well-pleaded facts, but not legal conclusions or "naked assertions" without factual enhancement. *Iqbal*, 556 U.S. at 678. Exhibits and documents incorporated into the pleading may be considered, but inferences must remain reasonable.

When alleged racketeering predicates sound in fraud, Rule 9(b) also applies. *Clinton v. Security Benefit Life Ins. Co.*, 63 F.4th 1264, 1277-80 (10th Cir. 2023); *Tal v. Hogan*, 453 F.3d

1244, 1263 (10th Cir. 2006). The plaintiff must set forth the time, place, and contents of the false representation, the identity of the person making it, and the consequences. *George v. Urban Settlement Servs.*, 833 F.3d 1242, 1254 (10th Cir. 2016). Put more simply, the pleading must provide the who, what, when, where, and how. *Clinton*, 63 F.4th at 1277-80.

Although courts generally construe pro se pleadings liberally, "the same courtesy need not be extended to licensed attorneys." *Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007). Plaintiff is an attorney. The Court should therefore evaluate Count III as an attorney-drafted pleading. In all events, liberal construction cannot supply facts or elements that Plaintiff did not plead.

### B. COUNT III DOES NOT IDENTIFY A SUBSTANTIVE RICO VIOLATION

Count III cites only 18 U.S.C. § 1964(c). That provision supplies a civil remedy to a person injured "by reason of" a violation of § 1962. It is not a stand-alone substantive offense. A civil plaintiff therefore must plead a § 1962 violation, injury to business or property, and causation. *See* 18 U.S.C. § 1964(c); *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 882-85 (10th Cir. 2017). Count III does not identify any § 1962 subsection.

The apparent theory is § 1962(c), which prohibits a "person employed by or associated with" an enterprise from conducting or participating in that enterprise's affairs through a pattern of racketeering activity. A § 1962(c) claim requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *George*, 833 F.3d at 1248. The First Amended Petition does not plausibly allege those elements.

### C. LAIRD NOLLER AND ITS SALESPERSON ARE NOT A DISTINCT RICO ENTERPRISE

The enterprise theory collapses the alleged enterprise into Laird Noller itself. Section 1962(c) requires two distinct entities – a RICO "person" and an "enterprise" whose affairs that

person conducts. *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161-63 (2001); *Brannon v. Boatmen's First Nat'l Bank of Okla.*, 153 F.3d 1144, 1146-49 (10th Cir. 1998); *Llacua v. Western Range Ass'n*, 930 F.3d 1161, 1182-87 (10th Cir. 2019). When the organization is the defendant, it cannot form a distinct association-in-fact merely by joining with its own agents or employees to conduct its ordinary business. *Llacua*, 930 F.3d at 1185-87. *George* was different. The alleged enterprise there included separate entities in distinct lines of business that performed distinct roles. *George*, 833 F.3d at 1249-50; *Llacua*, 930 F.3d at 1185-87.

That is exactly what Plaintiff alleges. The RICO person is Laird Noller. The enterprise is "Laird Noller and its subject sales representative," including the unidentified salesperson who sold the vehicle. (Doc. 1-1 at ¶ 77.) The only alleged enterprise activity is quoting and selling Laird Noller's own vehicle with Laird Noller's service package. (*Id.* at ¶¶ 28-35, 49, 67-77.) No allegation suggests the salesperson acted outside the ordinary sales role, possessed a separate criminal purpose, or conducted affairs other than Laird Noller's affairs. Re-labeling a corporation plus its sales representative as an association-in-fact does not satisfy the distinctness rule.

Count III also does not plausibly allege an association-in-fact enterprise. Such an enterprise must have a common purpose, relationships among those associated with it, and enough longevity to permit pursuit of that purpose. *Boyle v. United States*, 556 U.S. 938, 946 (2009). The First Amended Petition alleges only the ordinary employer-employee relationship, and conduct in a single sales transaction. Its conclusory assertions that the dealership was a "front" and the actors "cooperat[ed]" do not plausibly allege a common purpose or continuing existence distinct from Laird Noller's business. (Doc. 1-1 at ¶¶ 68-74, 77.)

Nor does Plaintiff allege that Laird Noller participated in the operation or management of a separate enterprise, as § 1962(c) requires. *Reves v. Ernst & Young*, 507 U.S. 170, 179, 185 (1993).

He alleges only that Laird Noller ran its own dealership. Count III fails on the enterprise element alone.

**D. COUNT III DOES NOT PLEAD TWO RACKETEERING PREDICATES WITH PARTICULARITY**

RICO predicates are crimes, not labels attached to ordinary business communications. "Racketeering activity" means one of the crimes enumerated in § 1961(1). An FTC warning, a state consumer protection violation, and common-law fraud are not themselves listed RICO predicates. Plaintiff therefore relies on mail and wire fraud. (Doc. 1-1 at ¶ 71.) Those offenses require a scheme to defraud, use of the mails or interstate wires in furtherance of the scheme, and fraudulent intent. *Clinton*, 63 F.4th at 1281-83. A RICO plaintiff must allege at least two qualifying predicates, 18 U.S.C. § 1961(5), and fraud-based predicates must satisfy Rule 9(b). *Tal*, 453 F.3d at 1263.

The allegations do not meet that standard. Paragraph 71 refers generally to "emails" and "telephone calls," but does not identify which communication was fraudulent or specify its date, participants, content, or role in the alleged scheme. Paragraphs 48 and 49 mention pre-suit communications, but do not allege that they were fraudulent or used to execute the pricing scheme. They post-date the purchase. Paragraph 71 invokes "the mails" only in the abstract and identifies no particular mailing. Paragraph 24 identifies two websites and an alleged omission during the first week of November 2025, but it does not identify two particular interstate transmissions or allege facts supporting fraudulent intent. And even if the two web pages were treated as separate uses of the wires, both concern the same product, purchaser, alleged omission, injury, and transaction. They do not establish continuity.

General allegations about calls with unidentified employees and unspecified correspondence do not satisfy Rule 9(b). *George*, 833 F.3d at 1254-56. Allegations may be read as

a whole, but they still must give each defendant notice of the particular fraudulent acts attributed to it. *Clinton*, 63 F.4th at 1277-80. The contrast with *Clinton* is instructive. The plaintiffs there satisfied Rule 9(b) because they identified specific, dated documents – the signed Statements of Understanding – showed who signed each and when, and tied particular misrepresentations to particular documents. *Id.* at 1277-79. Count III pleads none of that. Here, Plaintiff may have described the gist of his consumer complaint, but he has not identified two particular, indictable uses of the mails or interstate wires. The bare plural nouns in paragraph 71 are not predicates pleaded with particularity.

The cited review, FTC warning, and overheard conversation do not help. The review quoted in the First Amended Petition reportedly said the package was not required. It is not alleged to have been authored or transmitted by Laird Noller. (Doc. 1-1 at ¶ 40.) The FTC warning occurred months after Plaintiff's transaction, and the pleading does not allege that it constituted or identified a criminal predicate. (*Id.* at ¶ 41.) The unidentified couple's in-person conversation is not a use of the mails or wires. (*Id.* at ¶ 50.) None supplies the missing predicates.

### E. ONE VEHICLE SALE DOES NOT ESTABLISH A PATTERN OF RACKETEERING ACTIVITY

The pattern allegations reduce to a single completed sale. Even two pleaded predicates would not be enough by themselves. A RICO "pattern" requires related predicates that amount to, or threaten, continued criminal activity. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239-43 (1989). Closed-ended continuity ordinarily requires a series of related predicates extending over a substantial period of time. Open-ended continuity requires past conduct that by its nature projects into the future with a threat of repetition. *Id.* at 241-42.

The Tenth Circuit looks to both the duration of the related predicates and the extensiveness of the alleged scheme. *Tal*, 453 F.3d at 1267-68. A single scheme directed to a discrete objective,

at a finite group, and with no potential to extend to others, does not show continuity. *Duran v. Carris*, 238 F.3d 1268, 1271-72 (10th Cir. 2001). RICO targets long-term criminal conduct, not an ordinary fraud dispute made federal by characterizing routine communications as separate acts.

The alleged objective here was finite – induce Plaintiff to travel to the dealership and buy one identified Jeep with an add-on package. The alleged representations culminated in the November 2025 sale. (Doc. 1-1 at ¶¶ 24-35.) Treating two web pages about the same price as two predicates would not create closed-ended continuity. Both concern the same product, the same purchaser, the same alleged omission, the same alleged injury, and the same short transaction.

Nor are there facts supporting open-ended continuity. The statement that Laird Noller "continues" similar practices at other Kansas locations is pleaded solely on information and belief, without one supporting transaction, date, victim, communication, or participant. (Doc. 1-1 at ¶ 75.) A June 2025 review that says the package was not required, an unidentified couple's reaction during Plaintiff's visit, and a regulator's later industry warning do not plausibly establish an ongoing series of federal crimes. (*Id.* at ¶¶ 40-41, 50.) The First Amended Petition further alleges that the subject dealership was sold and the successor does not use the complained-of practice. (*Id.* at ¶ 42.) On the pleaded facts, the purported scheme had a built-in endpoint and no adequately alleged threat of continuing racketeering.

### F. PLAINTIFF DOES NOT PLEAD THAT A RICO VIOLATION CAUSED HIS LOSS

Causation also fails on Plaintiff's own timeline. Section 1964(c) requires injury to business or property "by reason of" the § 1962 violation. That language demands at least but-for causation and a direct relation between the alleged racketeering injury and the complained-of conduct. *Holmes v. Securities Inv. Prot. Corp.*, 503 U.S. 258, 268 (1992). First-party reliance is not an absolute element of a mail-fraud RICO claim, but the plaintiff still must establish that the predicate

fraud proximately caused his own injury. *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 654-59 (2008).

Plaintiff alleges that an online omission induced him to travel, but he also alleges that Laird Noller disclosed the add-on package and its price before he purchased the vehicle, that he objected, that he was told it was required, and that he nonetheless chose to complete the purchase because of his travel and his daughter's need for the vehicle. (Doc. 1-1 at ¶¶ 28-35.) He also alleges that he negotiated the total add-on price. (*Id.* at ¶ 49.) Those admissions undercut the assertion that an unidentified mail- or wire-fraud predicate directly caused the amount paid. At minimum, Count III does not connect any one pleaded predicate – much less a pattern – to the claimed loss.

### G. PLAINTIFF CANNOT OBTAIN THE INJUNCTIVE RELIEF COUNT III SEEKS

Count III's request for an injunction independently fails under the better reading of § 1964. The Tenth Circuit has not resolved whether a private RICO plaintiff may obtain injunctive relief, and the circuits are divided. The Fourth and Ninth Circuits hold that § 1964(c) does not authorize private injunctive relief. Section 1964(c) provides treble damages, costs, and attorney fees, but it does not mention equitable relief. Section 1964(b), by contrast, expressly authorizes the Attorney General to invoke the equitable powers in § 1964(a). *See Hengle v. Treppa*, 19 F.4th 324, 354-56 (4th Cir. 2021); *Religious Tech. Ctr. v. Wollersheim*, 796 F.2d 1076, 1080-89 (9th Cir. 1986). *But see Chevron Corp. v. Donziger*, 833 F.3d 74, 138-39 (2d Cir. 2016); *National Org. for Women, Inc. v. Scheidler*, 267 F.3d 687, 697-99 (7th Cir. 2001), rev'd on other grounds, 537 U.S. 393 (2003). Under the better-reasoned view, the injunctive relief Count III seeks is unavailable as a matter of law, independent of the claim's other defects.

Independently, and even if injunctive relief were available under § 1964(c), the request for prospective relief fails for a further reason. Plaintiff alleges no prospect of another transaction with

Laird Noller. Count III requests an injunction against alleged practices affecting other consumers at all Laird Noller dealerships. (Doc. 1-1 at ¶¶ 76, 78.) Article III of the Constitution requires a plaintiff seeking prospective relief to allege a real and immediate threat that he personally will suffer the challenged injury again. Past exposure alone is not enough. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102-06 (1983). Plaintiff alleges a completed purchase. He does not allege that he intends to buy from Laird Noller again, and he affirmatively alleges that the subject dealership was sold and that the successor does not engage in the challenged practice. (Doc. 1-1 at ¶ 42.) Concern for future customers cannot substitute for a personal, imminent injury. The request for prospective relief therefore cannot preserve Count III. This defect is limited to the request for prospective relief and does not affect the Court's jurisdiction over Count III's claim for damages, which rests on Plaintiff's alleged past injury.

## CONCLUSION

Count III is a consumer dispute, not a plausible racketeering claim. The First Amended Petition does not plausibly plead a § 1962 violation, a distinct enterprise, two particular racketeering predicates, a continuous pattern, or causation of a RICO injury. It also alleges no imminent personal injury supporting an injunction. Because the deficiencies in the enterprise, pattern, and causation elements arise from Plaintiff's own allegations about a single, completed transaction, they cannot be cured by amendment. Laird Noller respectfully asks the Court to dismiss Count III with prejudice.

Respectfully submitted,

MORRIS LAING LAW FIRM

/s/ Ryan M. Peck
Ryan M. Peck, #21223
Cristina Silva, #29791
300 N. Mead, Suite 200
Wichita, Kansas 67202
Direct: (316) 383-6453
Main: (316) 262-2671
Fax: (316) 262-6226
rpeck@morrislaing.com
csilva@morrislaing.com
*Attorneys for Defendant*
*Laird Noller Automotive, Inc.*

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on this 14th day of August, 2026, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel who have registered for receipt of documents filed in this matter. A copy also was sent via email to the following:

Samuel L. Blatnick
Blatnick Law, LLC
15732 Oakmont Street
Overland Park, Kansas 66221
samblatnick@gmail.com

/s/ Ryan M. Peck
Ryan M. Peck