IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SAMUEL LOUIS BLATNICK,<br><br>Plaintiff,<br><br>v.<br><br>LAIRD NOLLER AUTOMOTIVE, INC., and MCCARTHY AUTO GROUP OF LAWRENCE, INC. d/b/a MCCARTHY HYUNDAI OF LAWRENCE,<br><br>Defendants. | Case No. 2:26-cv-02480-KHV-RES |

**DEFENDANT LAIRD NOLLER AUTOMOTIVE, INC.'S**
**MOTION TO STRIKE PLAINTIFF'S UNAUTHORIZED AMENDED COMPLAINT**

Defendant Laird Noller Automotive, Inc. ("Laird Noller") moves under Fed. R. Civ. P. 12(f) and the Court's inherent docket management authority to strike Plaintiff's Unauthorized Amended Complaint (Doc. 8). Plaintiff filed the Amended Complaint without this Court's leave or Laird Noller's written consent, as Fed. R. Civ. P. 15(a) requires. In the alternative, to the extent the Court construes Plaintiff's filing as a motion for leave to amend, leave should be denied as futile.

## INTRODUCTION

Plaintiff Samuel Louis Blatnick ("Plaintiff") has filed three successive pleadings in little more than two months. Eight days after Laird Noller answered Plaintiff's original Petition, Plaintiff used his one amendment as a matter of course to file the First Amended Petition (Doc. 1-1) and add a civil RICO claim. Weeks later – and one day after Laird Noller moved to dismiss that claim – Plaintiff filed the Amended Complaint. Rule 15(a)(2) required either Laird Noller's written consent or this Court's leave for that further amendment. Plaintiff obtained neither. The

unauthorized Amended Complaint should be stricken, and Laird Noller's pending motion to dismiss (Doc. 6) should proceed.

Even if the Court were to treat Plaintiff's filing as a request for leave, leave would be futile. The unauthorized Amended Complaint expands the prior pleading's single RICO count into claims under 18 U.S.C. § 1962(a), (b), and (c), and adds a new § 1962(d) conspiracy count. Those claims fail to state a claim for relief for the reasons set out in Laird Noller's pending motion to dismiss and for additional reasons apparent on the face of the unauthorized pleading.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his original Petition in the District Court of Johnson County, Kansas, on June 8, 2026, naming both Laird Noller and McCarthy Auto Group of Lawrence, Inc. ("McCarthy") as defendants. (Doc. 1-2 at pp. 1-13.) Laird Noller answered the original Petition on July 15, 2026. (*Id.* at pp. 26-33.) Eight days later, Plaintiff filed his First Amended Petition (Doc. 1-1). Laird Noller removed the action to this Court on August 12, 2026, based on the newly asserted civil RICO claim. (Doc. 1.) On August 14, 2026, Laird Noller moved to dismiss the First Amended Petition's civil RICO claim under Fed. R. Civ. P. 12(b)(6). (Doc. 6.) The next day, August 15, 2026, Plaintiff filed the Amended Complaint without seeking Laird Noller's consent or the Court's leave. McCarthy has never been served.[1]

## ARGUMENTS AND AUTHORITIES

### A. THE UNAUTHORIZED AMENDED COMPLAINT WAS FILED WITHOUT LEAVE OR CONSENT AND SHOULD BE STRIKEN.

Rule 15(a)(1) permits a party to amend its pleading "once as a matter of course" within 21 days after serving it, or – if the pleading requires a responsive pleading – within 21 days after service of a responsive pleading or of a Rule 12(b), (e), or (f) motion, whichever is earlier. All

[1] No return of service has been filed indicating that McCarthy has been served with process.

other amendments require "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). After removal, Rule 15 governs amendments going forward. Fed. R. Civ. P. 81(c)(1).

Plaintiff already exercised his one "as a matter of course" amendment when he filed his First Amended Petition on July 23, 2026, eight days after Laird Noller's July 15, 2026 answer. Neither removal nor Laird Noller's later Rule 12(b)(6) motion to dismiss restored a right to amend Plaintiff had already used. Rule 15(a)(1) says "once." The alternative time periods in Rule 15(a)(1)(A) and (B) define when that single amendment may be made. They do not create cumulative rights to amend. Accordingly, Plaintiff could amend only with written consent or leave under Rule 15(a)(2). He had neither when he filed his unauthorized Amended Complaint (Doc. 8.).

### B. THE AMENDED COMPLAINT (DOC. 8) DOES NOT SUPERSEDE THE FIRST AMENDED PETITION (DOC. 1-1).

The Tenth Circuit has held that an amendment filed without the consent or leave required by Rule 15 has no legal effect and does not supersede the operative complaint. *Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998). The court explained that "only an amended complaint that is in effect – that is, properly filed pursuant to the requirements of Rule 15 – can supersede the original." *Id.* The Tenth Circuit later described *Murray's* holding as establishing that "an improperly filed amended complaint does not have the legal effect of superseding the allegations in the original complaint for purposes of assessing whether dismissal is appropriate." *May v. Segovia*, 929 F.3d 1223, 1233 (10th Cir. 2019).

Plaintiff's Amended Complaint (Doc. 8) was not properly filed under Rule 15. It therefore does not supersede the First Amended Petition (Doc. 1-1), which remains the operative pleading. An order striking the Amended Complaint – or at a minimum declaring it non-operative – is appropriate docket management because the unauthorized filing otherwise creates uncertainty

about which pleading controls, whether a response is due, and whether the pending motion to dismiss remains live.

Courts in this District routinely strike amended pleadings that are filed without first obtaining the required leave. *See Neonatal Prod. Group, Inc. v. Shields,* Case No. 13-2601-DDC-KGS, 2017 WL 2264357, at *2 (D. Kan. May 24, 2017) (citing *Brooks v. Couchman*, Case No. 04-2209-KHV, 2004 WL 2607551, at *9 (D. Kan. Nov. 16, 2004) (granting a motion to strike an amended complaint because plaintiff did not seek leave of court or defendants' consent before filing the pleading); *Vasquez v. Johnson Cty. Housing Coalition, Inc.*, Case No. 03-2147-CM, 2003 WL 21479186, at *1 (D. Kan. June 16, 2003) (striking plaintiff's amended complaint because "[p]laintiff had neither leave of court nor written consent of the opposing party to assert additional counts in his Amended Complaint"); *Jarrett v. Sprint/United Mgmt. Co.*, Case No. 97-2487-EEO, 1998 WL 560008, at *1 (D. Kan. Aug. 17, 1998) (explaining that the court previously had granted defendant's motion to strike plaintiff's amended complaint because plaintiff had failed to file a motion seeking leave to file an amended pleading)).

Striking the Amended Complaint returns the First Amended Petition to its place as the operative pleading and permits Laird Noller's pending motion to dismiss to be decided on the merits of the First Amended Petition it addresses.

### C. IF THE AMENDED COMPLAINT IS CONSTRUED AS A REQUEST FOR LEAVE, LEAVE SHOULD BE DENIED AS FUTILE.

Rule 15(a)(2)'s liberal standard does not require leave for a futile amendment. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). The Court therefore applies the Rule 12(b)(6) standard to the proposed pleading. It accepts well-pleaded facts, but not legal conclusions

or naked assertions without factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Fraud-based RICO predicates must also satisfy Rule 9(b). *Clinton v. Security Benefit Life Ins. Co.*, 63 F.4th 1264, 1277-80 (10th Cir. 2023). Because Plaintiff is a licensed attorney, the special solitude ordinarily afforded non-lawyer pro se pleadings is not required. *Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007). The Amended Complaint would not survive those standards.

**1. <u>The Revised Substantive RICO Claim Remains Defective</u>.**

Plaintiff's Amended Complaint does not plead a distinct enterprise under § 1962(c) of RICO. It identifies Laird Noller as the RICO person and defines the alleged association-in-fact as Laird Noller together with its executives, managers, and sales representatives acting to sell Laird Noller's vehicles and service packages. (Amended Complaint, Doc. 8 at ¶¶ 69, 80-85.) A defendant corporation, acting through its own agents or employees, cannot ordinarily be both the RICO person and the enterprise. *Llacua v. Western Range Ass'n*, 930 F.3d 1161, 1182-87 (10th Cir. 2019). An organization cannot create a distinct enterprise by joining with its own personnel to do what the organization itself ordinarily does. *Id.* at 1185-87. The additional labels in the unauthorized Amended Complaint do not change the enterprise's composition or allege affairs distinct from Laird Noller's own business.

The Amended Complaint also does not plead two mail- or wire-fraud predicates with Rule 9(b) particularity. It asserts that Laird Noller had "hundreds" of listings and used the mails and wires from 1984 to the present, but – apart from two webpages concerning Plaintiff's single vehicle transaction – it does not identify the vehicle, date, contents, sender, recipient, or transmission for any alleged predicate. (Amended Complaint, Doc. 8 at ¶¶ 88-102.) Nor does it identify the mailing referenced in paragraphs 97 and 98 or the "fraudulent financial statements" referenced in

paragraph 99. Rule 9(b) requires the time, place, contents, speaker, and consequences of the alleged fraud – the who, what, when, where, and how. *Clinton*, 63 F.4th at 1277-80; *Tal v. Hogan*, 453 F.3d 1244, 1263-65 (10th Cir. 2006). Generalized assertions that routine websites, mail, and wires were used do not satisfy that requirement.

**2. The Amended Complaint's Irrelevant Allegations Independently Confirm Futility.**

The source of the Amended Complaint's irrelevant allegations is obvious. Plaintiff previously served as counsel for the plaintiffs in *Wollesen v. West Central Cooperative*, Case No. 5:16-cv-04012-LTS-KEM (N.D. Iowa), and signed their Second Amended Complaint, a copy of which is attached hereto as Exhibit A. That pleading asserted civil RICO claims in Counts VII and VIII involving the "Wollesens," "Hartzler," "Gardiner Thomsen," allegedly fraudulent audit reports, financial statements submitted to state and federal agencies, and falsification of business records. *Compare Wollesen* Second Amended Complaint (Exhibit A) at ¶¶ 325-59, 369-75 with Plaintiff's Amended Complaint (Doc. 8) at ¶¶ 79-107, 108-13. The Amended Complaint retains those names and allegations even though they have no connection to the vehicle transaction in this case. It also retains the source pleading's paragraph numbers "326," "357," "374," and "375" as unexplained fragments. These are not isolated typographical errors. They identify large portions of Plaintiff's RICO claims in this case as allegations cut and pasted from an unrelated Iowa agronomy and accounting dispute.

The comparison also exposes why Plaintiff's Amended Complaint fails Rule 9(b). The *Wollesen* pleading followed its generic RICO allegations with many pages of allegations identifying particular letters, audit reports, emails, dates, senders, recipients, and interstate transmissions. *See* Exhibit A, *Wollesen* Second Amended Complaint at ¶¶ 347-49. Plaintiff's Amended Complaint in this case copied the generic conclusory RICO allegations without any

supporting particulars. Thus, Plaintiff's Amended Complaint fails to identify what allegedly was mailed, while paragraphs 99 and 102 retain references to fraudulent financial statements and audit reports submitted to government agencies – conduct unrelated to the disputed vehicle transaction. Plaintiff has simply failed to allege the who, what, when, where, and how that is required in this case.

The imported predicate theories fail as a matter of law as well. Paragraph 87 invokes perjury and generic falsification of business records, neither of which is an enumerated predicate under 18 U.S.C. § 1961(1). Paragraph 104 invokes honest-services fraud under 18 U.S.C. § 1346, but alleges no bribe or kickback as *Skilling v. United States*, 561 U.S. 358, 408-09 (2010), requires. And paragraphs 94 and 95 allege both a scheme continuing from 1984 to the present and predicate acts occurring over only "approximately eight years" – another chronology carried over from *Wollesen*. *See* Exhibit A, *Wollesen* Second Amended Complaint at ¶ 344. These defects independently foreclose a plausible pattern of racketeering activity.

The Amended Complaint also fails the basic pleading requirements of Rules 8 and 10. Its caption identifies only Laird Noller even though the body asserts claims against McCarthy. Paragraphs 8 through 21 are duplicated. The numbering jumps from paragraphs 31 to paragraph 41. And the counts therefore incorporate ambiguous paragraph ranges. *See* Fed. R. Civ. P. 8(d)(1), 10(a)-(b). The pleading also invokes "Kan. Stat. § 20-30" as a basis for federal jurisdiction, and alleges complete diversity despite identifying both Plaintiff and McCarthy as Kansas citizens. Taken together, these defects confirm that the Amended Complaint is not a coherent case-specific pleading capable of satisfying Rules 8, 9(b), and 10.

The FTC exhibit does not supply the missing predicates. The Amended Complaint alleges that the FTC "acknowledged" Laird Noller's practice was illegal. (Amended Complaint, Doc. 8 at

¶ 75.) The letter says the opposite. It states that it is not intended to represent any conclusion about whether the dealership engaged in the identified practices and that similar notifications were being distributed to other dealers. (FTC Letter, Doc. 8-1 at 2.) An industry warning that expressly disclaims any conclusion about Laird Noller is not an admission, an adjudication, or a racketeering predicate.

Conclusory assertions that the alleged conduct began in 1984 and will continue do not plead a RICO pattern either. A patter requires related predicates that amount to or threaten continued criminal activity. Two acts alone are not enough. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239-43 (1989); *Tal*, 453 F.3d at 1267-68. Here, the only particularized transaction is Plaintiff's completed purchase of one Jeep in November 2025. (Amended Complaint, Doc. 8 at ¶¶ 14-35.) The pleading identifies no other customer's completed transaction and no other particular criminal transmission. Plaintiff cannot turn one retail transaction into long-term racketeering by multiplying unspecified website listings or repeating the words "ongoing" and "continuing."

The Amended Complaint also does not plausibly connect a RICO violation to Plaintiff's claimed loss. Section 1964(c) requires injury to business or property "by reason of" a § 1962 violation. *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 268 (1992). Plaintiff alleges the package requirement was disclosed to him at the dealership before he completed the purchase, that he objected, and that he nevertheless completed the purchase. (Amended Complaint, Doc. 8 at ¶¶ 18-24.) His later review of "hundreds" of other listings could not have caused the amount he paid in the earlier transaction. (*Id.* ¶¶ 90-91.) Viewing listings for vehicles he did not purchase is not a separate RICO injury to business or property and cannot support the "millions of dollars" Plaintiff is seeking. (*Id.* at ¶ 106.)

Plaintiff's citation to §§ 1962(a) and (b) does not state claims under those provisions. Section 1962(a) concerns the use or investment of racketeering income, and § 1962(b) concerns acquiring or maintaining an interest in or control of an enterprise through racketeering. The Amended Complaint alleges neither an injury caused by the investment of racketeering income nor acquisition or maintenance of control over a distinct enterprise. *See Grider v. Texas Oil & Gas Corp.*, 868 F.2d 1147, 1149-51 (10th Cir. 1989); *Tal*, 453 F.3d at 1268-69. It alleges only the same purchase loss attributed to the alleged sales practice. (Amended Complaint, Doc. 8 at ¶¶ 104-07.) Adding statutory citations without the corresponding facts does not cure the claim.

**3. <u>The New RICO Conspiracy Count is Futile</u>.**

Plaintiff's Count IV claim alleging a RICO conspiracy fares no better. A § 1962(d) claim requires a viable substantive RICO violation. *Tal*, 453 F.3d at 1270. Because the Amended Complaint does not state a claim under § 1962(a), (b), or (c), the conspiracy claim fails as a matter of law. *Id.*

Count IV also pleads no facts showing an agreement to violate RICO. It merely alleges that unnamed "Participants" knowingly agreed to commit predicates or agreed with the enterprise's objective. (Amended Complaint, Doc. 8 at ¶¶ 109-12.) No alleged co-conspirator is identified by name, no communication or act manifesting an agreement is alleged, and no facts distinguish an alleged agreement from employees performing ordinary work for their employer. The claim's reference to "Count VII" and "the Wollesens" – neither of which exists in this case – further confirm that it supplies no case-specific facts supporting an agreement. (*Id.* at ¶¶ 110, 113.) Conclusory recitations of an agreement are insufficient under *Twombly* and *Iqbal*.

### 4. **The Requested Injunctive Relief is Futile.**

Even assuming a private RICO plaintiff may seek injunctive relief, Plaintiff lacks Article III standing for prospective relief. A plaintiff must allege a real and immediate threat that he personally will suffer the challenged injury again. Past exposure is not enough. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102-06 (1983). The Amended Complaint alleges a completed purchase. It does not allege any intent to transact with Laird Noller again. And it alleges that the subject dealership was sold to McCarthy, which Plaintiff alleges does not engage in the challenged practice. (Amended Complaint, Doc. 8 at ¶¶ 14-30, 41-47.) Concern for other consumers cannot substitute for an immediate personal injury. The proposed request for prospective injunctive relief is therefore futile.

## **CONCLUSION**

Plaintiff already used his one amendment as a matter of course. Because he filed the Amended Complaint without Laird Noller's written consent or the Court's leave, the Amended Complaint did not supersede the First Amended Petition (Doc. 1-1). Laird Noller respectfully requests that the Court strike the Amended Complaint (Doc. 8) or declare it non-operative, confirm that the First Amended Petition remains the operative pleading, confirm that no response to the Amended Complaint is required, and confirm that the pending Motion to Partially Dismiss Claims (Doc. 6) remains directed to the operative pleading. Alternatively, if the Court construes the Amended Complaint as a request for leave, Laird Noller asks the Court to deny leave because Plaintiff did not comply with D. Kan. Rules 7.1 and 15.1. and because the proposed amendment is futile.

Respectfully submitted,

MORRIS LAING LAW FIRM

/s/ Ryan M. Peck

Ryan M. Peck, #21223
Cristina Silva, #29791
300 N. Mead, Suite 200
Wichita, Kansas 67202
Direct: (316) 383-6453
Main: (316) 262-2671
Fax: (316) 262-6226
rpeck@morrislaing.com
csilva@morrislaing.com
*Attorneys for Defendant*
*Laird Noller Automotive, Inc.*

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on this 17th day of August, 2026, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel who have registered for receipt of documents filed in this matter.

/s/ Ryan M. Peck
Ryan M. Peck