IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SAMUEL LOUIS BLATNICK,<br><br>Plaintiff,<br><br>v.<br><br>LAIRD NOLLER AUTOMOTIVE, INC., LAIRD NOLLER FORD, INC., and MCCARTHY AUTO GROUP OF LAWRENCE, INC. d/b/a MCCARTHY HYUNDAI OF LAWRENCE,<br><br>Defendants. | Case No. 2:26-cv-02480-KHV-RES |

**REPLY IN SUPPORT OF DEFENDANT LAIRD NOLLER AUTOMOTIVE, INC.'S MOTION TO PARTIALLY DISMISS SECOND AMENDED COMPLAINT**

Plaintiff's opposition (Doc. 25) confirms the Motion (Doc. 21). It concedes that Plaintiff learned the service package was required before he paid for the Jeep. It concedes that Counts III and IV do not plead 18 U.S.C. § 1962(a) or (b). It concedes that the Tenth Circuit has never held that a private plaintiff may obtain injunctive relief under § 1964. And it states that a consumer in Plaintiff's position "is not likely to engage in business again" with Laird Noller, which is the opposite of the imminent personal injury Article III requires.

Where Plaintiff does not concede, he changes the subject. He answers pleading defects with a different transaction involving a different consumer, with documents filed in another court, and with facts that appear nowhere in his Second Amended Complaint. Rule 12(b)(6) tests the pleading Plaintiff filed. Measured against that pleading, Counts II, III, and IV remain deficient, as does Count I's demand for a separate statutory penalty for each website listing Plaintiff viewed.

Those defects are particularly telling because the Court gave Plaintiff an express opportunity to file a carefully reviewed, case-specific pleading. The Court identified foreign

allegations from an unrelated Iowa case, expressed "serious concerns" whether Plaintiff had "fully and carefully" reviewed his proposed complaint, and expressly directed him to ensure compliance with Fed. R. Civ. P. 11(b). (Doc. 14.) After receiving leave to amend (Doc. 17), Plaintiff filed a second amended complaint that still contains the orphaned source number "357," allegations about unidentified fraudulent financial statements sent to government agencies, and a reference to nonexistent "Count VII." (Doc. 18 ¶¶ 116, 121, 127.)

## ARGUMENTS AND AUTHORITIES

### A. Plaintiff's new facts are not before the Court.

A plaintiff may not amend his complaint through a response brief. On a Rule 12(b)(6) motion, the Court is limited to the allegations of the pleading. *Archuleta v. Wagner,* 523 F.3d 1278, 1281 (10th Cir. 2008). The following allegations appear nowhere in Plaintiff's Second Amended Complaint (Doc. 18) – the Thornton transaction, the complaint filed on Mr. Thornton's behalf and attached as Exhibit 2 to his opposition, statements attributed to the Kansas Attorney General and the Kansas Department of Revenue, the allegation that a vendor named Ethos participated in the alleged scheme, the assertion that Plaintiff can now identify "two specific transactions within the past year," and the price figure the opposition substitutes for those pleaded.

Judicial notice does not change that. The Court may notice that a complaint was filed in another court. It may not accept the allegations of that complaint as true here. *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

Plaintiff also relies on the FTC letter as though it establishes illegality, but the attached letter says only that the company "may be engaging" in listed practices and expressly states that it is not intended to represent any conclusion whether the dealership or dealership group is engaging

in those practices. (Doc. 18-1 at 1-2.) It identifies no transaction, actor, or predicate act. The letter therefore supplies neither a case-specific RICO predicate nor an adjudication of wrongdoing.

Plaintiff asks at least five times, in text and in footnotes, for leave to amend yet again – this time for a third amended complaint. (Doc. 25 at 21, 23-24, 26 and nn. 16, 18.) A request for leave embedded in a response brief is not a motion and does not comply with D. Kan. Rule 15.1. *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186-87 (10th Cir. 1999) (holding that a bare request for leave at the end of a response does not constitute a motion). The Court's prior warning and the defects that remain after amendment supply ample reason to deny another informal request. In any event, the proffered facts would not cure the claims. The Thornton allegations concern a later sale to a different buyer, financed through a different lender, in which the alleged conduct was the addition of signatures to financing documents. That is not the omission alleged here and supplies no common purpose, no particular wire directed at Plaintiff, and no injury to Plaintiff. Because Plaintiff already amended after notice of the defects and the Court's Rule 11 warning, and because his proposed new facts do not cure the claims, the informal request should be denied as futile. *See Curley v. Perry*, 246 F.3d 1278, 1282 (10th Cir. 2001) (affirming dismissal with prejudice where the complaint could not be cured by amendment).

**B. <u>Count II still does not plead justifiable reliance or resulting detriment</u>.**

Plaintiff learned that the package was required before he signed the contract and paid. (Doc. 18 ¶¶ 19-20, 24, 27.) He responds by relocating reliance to the drive from Kansas City to Lawrence and to vehicles he says he did not pursue that afternoon. (Doc. 25 at 9.) Paragraph 23 says that he would have purchased some different Jeep. It identifies no alternative vehicle, lost bargain, travel expense, or other concrete detriment caused by the trip. (Doc. 18 ¶¶ 15, 23, 30, 70-78.) Kansas fraud requires detrimental action taken in justifiable reliance on the untrue statement. *Alires v.*

*McGehee*, 277 Kan. 398, 403, 85 P.3d 1191 (2004). The package price – the only concrete economic loss pleaded – was incurred only after disclosure.[1]

Plaintiff agreed to pay that price after objecting, after being told the package was required, and after selecting the least expensive option available. (Doc. 18 ¶¶ 20, 24, 27, 54, 105.) A general assertion that he "relied" and was "damaged" does not supply the missing element. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (Citation omitted)).

**C. <u>Count I cannot recover a penalty for each listing Plaintiff viewed</u>.**

Plaintiff concedes the point that matters. The asserted deprivation is "perhaps not a monetary loss." (Doc. 25 at 12.) A private Kansas Consumer Protection Act plaintiff must be aggrieved by the violation for which he seeks recovery, which requires a causal connection between the violation and a loss or injury. *Finstad v. Washburn Univ. of Topeka*, 252 Kan. 465, 469-74, 845 P.2d 685 (1993). Plaintiff's own authority likewise requires that his claimed damage relate to the alleged misrepresentation. *Schneider v. Liberty Asset Mgmt.*, 45 Kan. App. 2d 978, 986, 251 P.3d 666 (2011) (holding that a KCPA plaintiff must "show that her damage is related to the misrepresentation").

Plaintiff does not allege that he sought to acquire any vehicle shown in the listings he reviewed, or that any view caused him a loss. (Doc. 18 ¶ 60.) He alleges instead that the listings left him unable to compare Laird Noller's prices to competitors. (Doc. 25 at 12.) That newly asserted informational disadvantage does not cure the pleading. It appears only in the response,

[1] Plaintiff also advances a new fraud theory concerning cigarette odor and an alleged representation that an ozone treatment would remove it. (Doc. 25 at 9-10.) Those allegations appear nowhere in the Second Amended Complaint, and they are not pleaded with the particularity Rule 9(b) requires in any event.

and neither the pleading nor the response connects it to any specific listing on which Plaintiff acted, any foregone transaction, or any other loss or injury. The civil penalty is a sum set by the Court up to $10,000 per violation, not an automatic award. K.S.A. § 50-636(a). Laird Noller does not seek dismissal of the transaction-specific KCPA theory at this stage, and Plaintiff's defense of that theory is directed at an argument the motion does not make.

**D. Count III remains deficient.**

**1. Plaintiff abandons §§ 1962(a) and (b).**

Plaintiff states that he "does not need to" plead § 1962(a) or (b) and that his claims rest on § 1962(c) and (d). (Doc. 25 at 15.) Those theories should be dismissed.

**2. The enterprise is not plausibly pleaded.**

Section 1962(c) requires that the RICO person conduct the affairs of an enterprise, "not just [its] own affairs." *Reves v. Ernst & Young*, 507 U.S. 170, 185, 113 S. Ct. 1163, 122 L. Ed. 2d 525 (1993); accord *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163, 121 S. Ct. 2087, 150 L. Ed. 2d 198 (2001). Count III names Laird Noller as the person and defines the enterprise to include Laird Noller itself, its affiliated dealership, unidentified sales representatives, and unidentified package vendors. (Doc. 18 ¶¶ 80, 92-99.) The members who might supply separateness are not plausibly alleged to share the enterprise's purpose. The vendors are unnamed, their identities await discovery, and Plaintiff's brief concedes they may have had no knowledge of the alleged scheme. (Doc. 25 at 6, 15-16.) McCarthy acquired the dealership five months after Plaintiff's purchase and is alleged to have discontinued the practice. (Doc. 18 ¶¶ 5, 9, 41.) What remains is a corporation and its employees selling the corporation's vehicles, which is not an enterprise distinct from the corporation. *Llacua v. W. Range Ass'n*, 930 F.3d 1161, 1185-87 (10th Cir. 2019); *see Cedric Kushner*, 533 U.S. at 164 (declining to reach claims in which a corporation

is the person and "the corporation, together with all its employees and agents," is the enterprise). Plaintiff relies on *George*, where the alleged enterprise comprised separate entities in distinct lines of business performing distinct roles. *George v. Urb. Settlement Servs.*, 833 F.3d 1242, 1250 (10th Cir. 2016). Count III alleges neither.

Allegations that unnamed vendors merely supplied packages – and may not have known of the supposed scheme – do not plausibly allege that they shared its unlawful purpose. *Boyle v. United States*, 556 U.S. 938, 946, 129 S. Ct. 2237, 173 L. Ed. 2d 1265 (2009) (association-in-fact requires a common purpose); *BancOklahoma Mortg. Corp. v. Capital Title Co.*, 194 F.3d 1089, 1100-01 (10th Cir. 1999) (affirming summary judgment where title companies "did nothing more than provide their regular services" and did not direct the enterprise's affairs). Nor does the pleading show that McCarthy had any part in directing the alleged pre-acquisition enterprise. *Reves*, 507 U.S. at 179.

**3. Fed. R. Civ. P. 9(b) is not satisfied by a request for relaxation.**

Plaintiff argues that Rule 9(b) relaxes where facts are in a defendant's control. The case he cites states the rule in the conjunctive. Allegations may rest on information and belief when the facts are peculiarly within the opposing party's knowledge and the complaint sets forth the factual basis for the belief. *Scheidt v. Klein*, 956 F.2d 963, 967 (10th Cir. 1992). Neither condition is met. The two listings and the telephone call are communications Plaintiff personally saw and made, and the pleading still does not identify who created or transmitted either listing, when each was posted or transmitted, or facts supporting a plausible inference of fraudulent intent. (Doc. 18 ¶¶ 102-05, 112.) The assertion that every listing Laird Noller published is an act of wire fraud is a conclusion, not particularized pleading of hundreds of federal crimes. *Koch v. Koch Indus., Inc.*, 203 F.3d 1202,

1236 (10th Cir. 2000) (requiring the complaint to identify the time, place, contents, speaker, and consequences of the alleged fraud); *George*, 833 F.3d at 1254.

**4. Plaintiff concedes the continuity defect.**

Plaintiff now explains that he selected February 1984 because it is Laird Noller's date of formation and that he "lacks knowledge sufficient to identify the specific date when the illegal and improper scheme began." (Doc. 25 at 18 n.14.) That concedes that the pleading alleges no predicate act between 1984 and 2025. The Second Amended Complaint also contradicts itself. Paragraph 95 dates the enterprise to 1984, while paragraph 114 says that the predicates occurred over "approximately eight years." What remains is two listings and one call concerning one Jeep, one purchaser, and one completed sale over a few days. Predicate acts spanning only "a few weeks or months" and threatening no future criminal conduct do not establish closed-ended continuity. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 242, 109 S. Ct. 2893, 106 L. Ed. 2d 195 (1989). Nor does a finite scheme directed to a discrete goal and a finite group, with no potential to extend to others, establish open-ended continuity. *Duran v. Carris*, 238 F.3d 1268, 1271 (10th Cir. 2001). A second consumer transaction in December 2025, which is not pleaded, would not supply closed-ended continuity, and the alleged threat of repetition is answered by Plaintiff's own allegation that the dealership was sold and the practice discontinued. (Doc. 18 ¶¶ 5, 9, 41.)

**5. The injury allegations have not changed.**

Plaintiff identifies his injury as being "required … to purchase an undisclosed service package." (Doc. 25 at 22.) That is the same $895 he agreed to pay after disclosure, and § 1964(c) requires that the predicate fraud proximately cause the injury. *Holmes v. Securities Investor Prot. Corp.*, 503 U.S. 258, 268, 112 S. Ct. 1311, 117 L. Ed. 2d 532 (1992) (requiring "some direct relation" between the asserted injury and the alleged conduct); *Bridge v. Phx. Bond & Indem. Co.*,

553 U.S. 639, 654-59, 128 S. Ct. 2131, 170 L. Ed. 2d 1012 (2008) (holding first-party reliance unnecessary but preserving RICO's proximate cause requirement). Plaintiff's response never explains how either alleged wire – the listings or telephone call – proximately caused a payment made only after the package requirement was disclosed. Nor does it connect Plaintiff's injury to the later Thornton transaction, the FTC letter, or any continuous racketeering pattern. The alleged refund offers are outside the pleading and, in any event, are neither predicate acts nor facts that cure causation. (Doc. 25 at 2, 8.)[2]

**E. <u>Count IV fails with the substantive counts</u>.**

Plaintiff answers the conspiracy argument with decisions from other circuits stating that § 1962(d) reaches the agreement itself. (Doc. 25 at 22-23.) Even if an agreement can complete the conspiracy offense without a completed substantive violation, Count IV still requires an agreement to pursue conduct that would violate § 1962(a), (b), or (c), and a civil plaintiff must be injured by an act independently wrongful under RICO. *Tal*, 453 F.3d at 1270; *Beck v. Prupis*, 529 U.S. 494, 505-07, 120 S. Ct. 1608, 146 L. Ed. 2d 561 (2000). Count IV also still identifies no communication, meeting, person, date, or act from which an agreement could be inferred, and the "Participants" on which it depends remain undefined. (Doc. 18 ¶¶ 91, 92, 125-29.)

**F. <u>Plaintiff lacks Article III standing to seek prospective relief</u>.**

Plaintiff answers *Lyons* with K.S.A. § 50-634(a). (Doc. 25 at 24.) A state statute can create a cause of action, but it cannot supply the injury Article III requires. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426-27, 141 S. Ct. 2190, 210 L. Ed. 2d 568 (2021); *City of Los Angeles v. Lyons*, 461 U.S. 95, 102-06, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983). Plaintiff does not allege that he

---

[2] Plaintiff's footnoted threat to name defense counsel as enterprise participants is outside the operative pleading and rests only on counsel's performance of legal services. It supplies no basis to deny the motion. (Doc. 25 at 18 n. 13, 26.)

intends to buy a vehicle from Laird Noller, and an intention to do something some day, without more, does not support standing for prospective relief. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). His brief goes further and states that a reasonable consumer in his position "is not likely to engage in business again" with Laird Noller. (Doc. 25 at 25.)

The footnoted request to add a class claim for injunctive relief does not change the analysis. (Doc. 25 at 24 nn.16, 18.) A named plaintiff must establish standing for the relief he seeks. He cannot rely on injuries to absent class members. *O'Shea v. Littleton*, 414 U.S. 488, 494-95, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974); *Lewis v. Casey*, 518 U.S. 343, 357, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996). As to RICO, Plaintiff concedes that the Tenth Circuit has not held private injunctive relief available under § 1964, and the better-reasoned decisions from the Fourth and Ninth Circuits hold that it is unavailable. *Hengle v. Treppa*, 19 F.4th 324, 354-57 (4th Cir. 2021) (holding that § 1964 does not authorize private RICO plaintiffs to seek prospective injunctive relief); *Religious Tech. Ctr. v. Wollersheim*, 796 F.2d 1076, 1084-88 (9th Cir. 1986) (holding that the statutory text and legislative history preclude private equitable relief).

## **CONCLUSION**

Plaintiff confirms that this case is a consumer dispute over one add-on disclosed before purchase in one completed sale. Laird Noller respectfully asks the Court to dismiss Counts II, III, and IV with prejudice; to dismiss with prejudice Count I to the extent it seeks recovery for post-purchase website views, transactions involving other consumers, or an automatic $10,000 penalty per view; to dismiss all requests for prospective injunctive relief without prejudice; and to grant such other relief as the Court deems just and appropriate.

Respectfully submitted,

MORRIS LAING LAW FIRM

/s/ Ryan M. Peck
Ryan M. Peck, #21223
Cristina Silva, #29791
300 N. Mead, Suite 200
Wichita, Kansas 67202
Direct: (316) 383-6453
Main: (316) 262-2671
Fax: (316) 262-6226
rpeck@morrislaing.com
csilva@morrislaing.com
*Attorneys for Defendant*
*Laird Noller Automotive, Inc.*

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on this 25th day of September, 2026, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel who have registered for receipt of documents filed in this matter.

/s/ Ryan M. Peck
Ryan M. Peck